UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CINDY F. WYMAN,<br><br>    Plaintiff<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>    Defendant | Civil Action No.<br><br><br>COMPLAINT UNDER<br>29 U.S.C §1132 |

The Plaintiff complains against the Defendant as follows:

1. The Plaintiff is a resident of North Berwick, Maine.

2. The Defendant is an insurance company licensed to do business in Maine.

3. This Court has jurisdiction of this lawsuit under 29 U.S.C. §1132.

4. The Plaintiff has exhausted all legally-required administrative remedies.

### *ERISA-GOVERNED LONG-TERM DISABILITY PLAN*

5. On the date that she became "disabled", February 28, 2013, the Plaintiff was insured under the ERISA-governed Group Long-Term Disability "LTD") Insurance Policy issued by the Defendant to Wentworth-Douglass Hospital where the Plaintiff worked as a staff IV nurse in the Hospital's ICU.

6. The Plaintiff is a registered nurse.

7. The Plaintiff was 60 years of age on the date she became "disabled," and she was 64 years of age on the date of the Defendant's denial letter.

8. The Defendant paid the Plaintiff's LTD Claim from August 27, 2013 to January 12, 2017.

9. The Defendant denied the Plaintiff's LTD Claim by its letter dated January 17, 2017, asserting that she is not "disabled" from "any occupation for which she is, or may become reasonably qualified for based on education, training or experience."

10. The Plaintiff timely appealed this denial and the Defendant upheld its denial of the Plaintiff's LTD Claim ("the Claim") on appeal.

11. The Plaintiff has exhausted her administrative remedies as required by ERISA.

## RELEVANT FACTS

12. The Plaintiff suffers from multiple sclerosis, and central canal stenosis, spondylolisthesis and foraminal narrowing post L3-4 laminectomy, posterior lateral non-instrumented fusion at L4-5.

13. As a result, the Plaintiff suffers from severe, constant pain in her back and buttocks, numbness and hypersensitivity in her left leg from the knee down, fatigue, muscle weakness, spastic gait, vertigo and dizziness, neuropathy in her feet, and deficits in her memory problem-solving, and judgment. She also experiences flare-ups in her pain and her other symptoms.

14. She ambulates with a cane because she has significant balance problems, has a spastic gait, is a high fall risk, and suffers from vertigo and dizziness associated with her multiple sclerosis.

15. The Plaintiff also has side effects from her medication: drowsiness, forgetfulness, irritability, changes in her sleep pattern, difficulty with concentration, constipation, and reduce energy.

16. The Plaintiff's primary care physician, Nicole Warren, MD, states that the Plaintiff's symptoms are chronic and her good days are rare.

17. Dr. Warren further believes that the Plaintiff would not be a reliable employee and able to meet a typical employer's expectations for regular, reliable attendance.

18. Dr. Warren additionally believes that the Plaintiff is limited to standing/walking for less than 2 hours over a typical 8-hour work shift.

19. Dr. Warren believes that that Plaintiff is limited to sitting for 5 minutes at one time before needing to get up, stand and/or walk to manage her symptoms.

20. Dr. Warren further believes that if she was working primarily in a seated position, the Plaintiff would need additional breaks for walking around for stretching and pain relief, at will, during an 8-hour shift, and possibly need to elevate one or both legs to manage her symptoms.

21. Because of her symptoms, the Plaintiff's husband must do most of the household chores.

22. The Plaintiff is unable to lift and carry more than a few pounds due to her pain in her back and legs, her generalized weakness, and the fact that she must hold onto her cane to stand and walk.

23. All of her symptoms in combination prevent her from performing "any occupation for which she is, or may become reasonably qualified for based on education, training or experience."

24. The Plaintiff further does not have the education, training or experience to perform any of the occupations identified by the Defendant in its denial letter.

25. The Plaintiff was approved for Social Security disability benefits in 2013 and continues to receive such benefits.

## COUNT I

26. As a result of her severe sicknesses, the Plaintiff is unable to perform any occupation for which she is, or may become reasonably qualified for based on education, training or experience with reasonable continuity.

27. The Defendant's denial of the Plaintiff's Claim ignored and failed to evaluate the effects of the Plaintiff's well-documented fatigue and deficits in memory, word-finding, and problem-solving due to her multiple sclerosis on her functional capacity.

28. The Defendant's denial of the Plaintiff's Claim ignored and failed to evaluate the effects of the Plaintiff's well-documented vertigo on her functional capacity.

29. The Defendant's neurologist, Sanjay Jain, MD, on whose opinion the Defendant relied for its denial of the Plaintiff's Claim, asserted: "Claims of inability to do certain tasks or participate in certain activities due to pain (e.g., low back pain) or fatigue are not related to limitations resulting from functional impairments, but rather related to a **matter or tolerance** of the discomfort experienced." (Emphasis added).

30. Dr. Jain's opinion and the Defendant's contention mean that the Defendant believes the Plaintiff is not "disabled" because she is not "tough enough" to tolerate her severe pain which restricts the tasks and activities she can perform.

31. This position ignores the well-recognized rule in LTD claims practice, that claimant can be "disabled" by "limitations" (work-related activities and tasks the claimant **cannot do** as a result of injury and/or sickness), or "restrictions" (work-related activities and tasks the claimant **should not** perform because they will significantly worsen her symptoms of her injuries and/or sicknesses ).

32. The Defendant's denial of the Plaintiff's Claim violates the terms of the LTD Policy, is unsupported by the well-documented medical and occupational evidence, and is arbitrary and capricious.

## Prayer For Relief

33. Pursuant to 29 U.S.C. §1132(a)(A)(1)(B), the Plaintiff respectfully asks this Court to enforce her rights under the terms of the ERISA LTD plan, and enter the following judgment:

    A. Reverse the Defendant's denial and award the Plaintiff her Claim benefits she is entitled to, using January 13, 2017, the date after benefits stopped, with interest;

    B. Direct the Defendant to continue to pay the Plaintiff her monthly LTD benefits as long as she qualifies for such benefits under the terms of the ERISA LTD Plan; and

    C. Order the Defendant to pay the Plaintiff's attorneys their reasonable attorneys' fees.

Respectfully submitted:

Date: January 30, 2018

/s/ Andrew J. Bernstein
Andrew J. Bernstein, Esq.
Bar No. 002257
Attorney for the Plaintiff
Law Offices of Joe Bornstein
P.O. Box 4685
Portland, ME 04112